IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBBIE FOWLER,<br><br>        Plaintiff,<br><br>vs.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY,<br><br>        Defendant. | 8:25CV114<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Mutual of Omaha Insurance Company's Motion to Dismiss or Strike. Filing No. 4. Mutual of Omaha moves to dismiss or strike Debbie Fowler's request for attorney fees in this breach of an insurance contract case. A motion to strike under Fed. R. Civ. P. 12(f) is discretionary. Here, the availability of attorney fees depends on which jurisdiction's law applies. And, in this early procedural posture—without the benefit of the parties' contract or meaningful argument from Fowler—the Court cannot confidently make a choice of law determination. So, the Court declines to resolve the issue using the "extreme and disfavored measure" of striking the request under Fed. R. Civ. P. 12(f). *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

## BACKGROUND

This is an insurance case. Mutual of Omaha issued a life insurance policy to Antwann Fowler, who died in 2020. Filing No. 1 at 2, ¶¶ 7–10. Debbie Fowler was the beneficiary of the policy. *Id.* ¶ 8. Mutual of Omaha issued the policy in the District of Columbia, where Antwann Fowler lived and died. *Id.* at 1, ¶¶ 1–3.

Mutual of Omaha denied Debbie Fowler's claim for death benefits. *Id.* at 2, ¶ 13. She sued, alleging Mutual of Omaha breached the insurance contract by denying

1

benefits. Id. at 3, ¶¶ 15–23. In her prayer for relief, Fowler requested "[i]nterest, costs, and *attorney's fees*." Id. at 4 (emphasis added). Mutual of Omaha moves to strike these two words form the complaint. Filing No. 4.

## LEGAL STANDARD

Fed. R. Civ. P. 12(f)[1] permits the Court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Reasoning that legally baseless requests for relief are "immaterial" or "impertinent," courts have used Rule 12(f) to strike requests for relief, "if such relief is not recoverable under the applicable law." 2 Moore's Federal Practice - Civil § 12.37[3] (collecting cases). While controversial,[2] the Eighth Circuit approved of this approach in BJC Health System, 478 F.3d at 917. There, the court affirmed a district court's order striking a request for punitive damages because punitive damages were precluded as a matter of law under the complaint's allegations. Id. The court "enjoy[s] liberal discretion to strike pleadings under Rule 12(f)" but "[s]triking a party's pleading, however, is an extreme and disfavored measure." Id.; Donelson v. Ameriprise Fin. Servs., Inc., 999 F.3d 1080, 1091 (8th Cir. 2021) ("[I]t is *sometimes* appropriate to strike pleadings, such as when a portion of the complaint lacks a legal basis.") (emphasis added).

---

[1] Fed. R. Civ. P. 12(f) not Fed. R. Civ. P. 12(b)(6) governs here. An attorney fee request is one of Fowler's "prayers for relief, which 'is not itself a part of [Fowler's] claim.'" AG Spectrum Co. v. Elder, 181 F. Supp. 3d 615, 617 (S.D. Iowa 2016) (quoting Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002)). A motion under 12(b)(6) is a procedurally improper mechanism for attacking Fowler's prayer for relief because "[t]he sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose, as numerous cases have held. Thus, the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type." Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C., 635 F.3d 1106, 1108 (8th Cir. 2011) (quoting 5 Wright & Miller Federal Practice and Procedure: Civil 3d § 1255 at 508–09 (3d ed. 2004)); see also 5 Fed. Prac. & Proc. Civ. § 1255 (4th ed.) (saying the same thing, more recently).

[2] See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 976 (9th Cir. 2010) ("We hold that Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law.").

## DISCUSSION

To strike Fowler's attorney fees request, the Court needs to make a choice of law determination and cannot do so on the current record. The Court—in its discretion—declines to strike Fowler's request rather than force the issue and make a premature judgment via "an extreme and disfavored" procedural mechanism. *BJC Health System*, 478 F.3d at 917.

Choice of law matters here. To strike Fowler's request, there must be no "legal basis" to award attorney fees. *Donelson*, 999 F.3d at 1091. But jurisdictions take different approaches to fee shifting in insurance cases. *See* Randy J. Maniloff & Jeffery W. Stempel, *Prevailing Insured's Right to Recover Attorney's Fees in Insurance Coverage Litigation State Law Survey*, LexisNexis (June 18, 2024) (collecting approaches). For example, Mutual of Omaha asks to apply District of Columbia law. The District of Columbia follows the American Rule—which generally does not allow for fee shifting unless authorized by contract or statute—and does not recognize statutory fee shifting in property insurance cases. *Est. of Raleigh v. Mitchell*, 947 A.2d 464, 473–74 (D.C. 2008) (general rule); *Nugent v. Unum Life Ins. Co. of Am.*, 752 F. Supp. 2d 46, 57–58 (D.D.C. 2010) (lack of statutory exception). By contrast, Nebraska, where the Court sits, also follows the American Rule but recognizes statutory fee shifting "[i]n all cases when the beneficiary or other person entitled thereto brings an action upon any type of insurance policy." *Stewart v. Bennett*, 727 N.W.2d 424, 429 (Neb. 2007) (general rule); Neb. Rev. Stat. § 44-359 (statutory exception). Other jurisdictions take a diverse range of approaches. Maniloff & Stempel, *supra*. So, whether attorney fees are precluded as a matter of law depends on which jurisdiction's law applies.

3

The Court lacks the information to make an informed choice of law judgment. Mutual of Omaha ably marches through Nebraska's[3] "most significant connection" test that applies "[i]n the absence of an effective choice of law by the parties." Filing No. 5 at 4 (quoting *Johnson v. U.S. Fid. & Guar. Co.*, 696 N.W.2d 431, 441 (Neb. 2005) & Restatement (Second) of Conflict of Laws § 188). But "persons residing in different states may select the law of either state to govern their contract and . . . the parties' choice of law will ordinarily govern." *Rose v. Am. Fam. Ins. Co.*, 995 N.W.2d 650, 654 (Neb. 2023); Restatement (Second) of Conflict of Laws § 187(1). Here, a copy of the insurance contract is not before the Court. Nor has either party, in Fowler's complaint or Mutual of Omaha's motion papers, addressed whether they made a choice of law decision in their contract. The Court assumes—based on Mutual of Omaha's invocation of § 188 of the Restatement—that they did not but would prefer not to make a choice of law decision based on an assumption. So, the record needs more development before the Court can decide what law governs—and whether it is legally impossible for Fowler to recover fees at the end of this litigation.

Against this backdrop, the equities do not favor striking the request for fees at this stage. After all, striking material from the pleadings is an "extreme and disfavored" remedy and, at bottom, a discretionary call. *BJC Health System*, 478 F.3d at 917. Granting the motion to strike would be making the call on a legal issue early in the case on minimal argument from the parties. Indeed, Fowler did not address the substance of the choice of law issue. If the Court gets it wrong or there turns out to be an effective

---

[3] In this diversity case, the Court applies the choice of law rules of the forum state—Nebraska. *C.H. Robinson Worldwide, Inc. v. Traffic Tech, Inc.*, 60 F.4th 1144, 1149 (8th Cir. 2023) (*citing Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).

choice of law provision in the contract, the parties will have to engage in duplicative litigation over this issue. Requesting more information at this stage, would prolong pre-answer litigation over a tangential issue and play into the Rule 12(f) motion's reputation as "a dilatory . . . tactic." *Donelson*, 999 F.3d at 1091–92. Finally, Mutual of Omaha is not prejudiced if the Court does not strike. Fees will not be at issue unless the parties litigate this case to final judgment in favor of Fowler. Nor will fees affect the scope of discovery. Nor does this order preclude Mutual of Omaha from raising this issue down the road. So, the equities support denying the motion to strike, letting this litigation proceed past the pleading stage, and addressing attorney fees on a fuller record.

Whether Fowler can recover attorney fees turns on which jurisdiction's law applies. Without the parties' contract, the Court cannot make an informed decision on choice of law. So, striking the request is not appropriate.

## CONCLUSION

To strike Fowler's request for attorney fees, an "extreme and disfavored" remedy, it must be clear that the request "lacks a legal basis." 999 F.3d at 1092. On the current record, the answer to that question is muddy at best.

THEREFORE, IT IS ORDERED:

1. Mutual of Omaha's Motion to Dismiss or Strike (Filing No. 4) is denied. Mutual of Omaha shall answer the complaint in accordance with Rule 12(a)(4)(A).

Dated this 29th day of May, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge